

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 3, 2005

Edward J. Lee, Esquire
65 Franklin Street
Boston, MA 02110

Re:  Enrico Botta
     Criminal No.  04-10370-RGS

```
FILED IN
OPEN COURT
6/9/05
M.
```

Dear Mr. Lee:

This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Enrico Botta ("Botta"), in the above-
captioned case.  The Agreement is as follows:

1.  Change of Plea

At the earliest practicable date but in no event later than
June 30, 2005, Botta shall plead guilty to the following counts
of the above captioned Superseding Information:

    Count One:     Conspiracy To Distribute Oxycodone, in
                   violation of 21 U.S.C. § 846;

    Count Two:     Distribution of Oxycodone, in violation of 21
                   U.S.C. § 841(a)(1); and

    Count Three:   Possession with Intent to Distribute
                   Oxycodone, in violation of 21 U.S.C.
                   § 841(a)(1).

Botta expressly and unequivocally admits that he in fact
knowingly, intentionally and willfully committed the crimes
charged in Counts 1 through 3 of the Superseding Information, and
is in fact guilty of those offenses.

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page  2

### 2.  Penalties

Botta faces the following maximum penalties:

Count One:      A maximum of 20 years' imprisonment, to be
                followed by a term of supervised release of
                at least 3 years up to life, a fine of up to
                $1,000,000, and a $100 special assessment;

Count Two:      A maximum of 20 years' imprisonment, to be
                followed by a term of supervised release of
                at least 3 years up to life, a fine of up to
                $1,000,000, and a $100 special assessment;
                and

Count Three:    A maximum of 20 years' imprisonment, to be
                followed by a term of supervised release of
                at least 3 years up to life, a fine of up to
                $1,000,000, and a $100 special assessment.

### 3.  Sentencing Guidelines

The sentence to be imposed upon Botta is within the
discretion of the sentencing Court, subject to the statutory
maximum penalties set forth above, and the provisions of the
Sentencing Reform Act and the United States Sentencing Guidelines
promulgated thereunder, as modified by United States v. Booker
and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108
(January 12, 2005).  In imposing the sentence, the Court must
consult and take into account the United States Sentencing
Guidelines, along with the other factors set forth in 18 U.S.C.
§3553(a).

The parties will take the following positions at sentencing
with respect to the application of the United States Sentencing
Guidelines:

The parties agree to take the position that Botta is
responsible for an amount of oxycodone which is the equivalent of
100 to 400 kilograms of marijuana and that the base offense level
is 26.

The U.S. Attorney and Botta agree that there is no basis for
a departure from the sentencing range established by the United

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page  3

States Sentencing Guidelines except as set forth in Paragraph 7,
below.  Accordingly, neither the U.S. Attorney nor Botta will
seek a departure on any other ground from the Sentencing
Guidelines.

     Based on Botta's prompt acceptance of personal
responsibility for the offenses of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by three
levels Botta's Adjusted Offense Level under U.S.S.G. § 3E1.1.

     The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between his execution of this Agreement and sentencing Botta:

> (a)  Fails to admit a complete factual basis for the
>      plea;
>
> (b)  Fails to truthfully admit his conduct in the
>      offenses of conviction;
>
> (c)  Falsely denies, or frivolously contests, relevant
>      conduct for which Botta is accountable under
>      U.S.S.G. § 1B1.3;
>
> (d)  Fails to provide truthful information about his
>      financial status;
>
> (e)  Gives false or misleading testimony in any
>      proceeding relating to the criminal conduct
>      charged in this case and any relevant conduct for
>      which Botta is accountable under U.S.S.G. § 1B1.3;
>
> (f)  Engages in acts which form a basis for finding
>      that Botta has obstructed or impeded the
>      administration of justice under U.S.S.G. § 3C1.1;
>
> (g)  Intentionally fails to appear in Court or violates
>      any condition of release;
>
> (h)  Commits a crime;
>
> (i)  Transfers any asset protected under any provision
>      of this Agreement; and/or

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page 4

> (j)    Attempts to withdraw his guilty plea.

Botta expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Botta expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Botta obstructs justice after date of this Agreement.

4.    Sentence Recommendation

In the event that the U.S. Attorney does not file a motion under U.S.S.G. §5K1.1 and/or 18 U.S.C. §3553(e), the U.S. Attorney agrees to recommend the following sentence before the District Court:

> (a)    Incarceration or other confinement at the low end of the range specified by the Sentencing Guidelines;
>
> (b)    Fine within the range specified by the Sentencing Guidelines, unless the court finds that Botta is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;
>
> (c)    Forfeiture as set forth in paragraph 9;
>
> (d)    Mandatory special assessment of $300;
>
> (e)    Supervised release of not less than 3 years.

Botta agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.    Payment of Mandatory Special Assessment

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page 5

Botta agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Botta establishes to the satisfaction of the Court that Botta is financially unable to do so.

6.   Waiver of Rights to Appeal and to Bring Collateral
     Challenge

Botta is aware that he has the right to challenge his sentence and guilty plea on direct appeal.  Botta is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Botta knowingly and voluntarily waives his right to appeal or collaterally challenge:

>      (1)   Botta's guilty plea and any other aspect of
>            Botta's conviction, including, but not limited to,
>            any rulings on pretrial suppression motions or any
>            other pretrial dispositions of motions and issues;
>            and
>
>      (2)   The imposition by the District Court of a sentence
>            which does not exceed that being recommended by
>            the U.S. Attorney pursuant to this agreement.

Botta's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.   Cooperation

     a.   Terms of Cooperation

Botta agrees to cooperate fully with law enforcement agents and government attorneys.  He must provide complete and truthful

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page 6

information to all law enforcement personnel.   If his testimony
is requested, he must testify truthfully and completely before
any grand jury, and at any hearing and trial.   Botta must answer
all questions put to him by any law enforcement agents or
government attorneys and must not withhold any information.   He
must not attempt to protect any person or entity through false
information or omission, or to implicate falsely any person or
entity.   Upon request, he must furnish all documents, objects and
other evidence in his possession, custody or control that are
relevant to the government's inquiries.

        Botta understands that he has a right to have counsel
present when communicating with representatives of the government
concerning the criminal conduct with which he has been charged.
To facilitate his cooperation, Botta hereby knowingly and
voluntarily waives this right with respect to all debriefings by
law enforcement agents and government attorneys and all
appearances to testify.   This waiver may be revoked at any time
by a specific request by Botta or his counsel without otherwise
affecting the terms or enforceability of this Agreement.

        To enable the Court to have the benefit of all relevant
sentencing information, Botta waives any rights he may have to
prompt sentencing and will join in any requests by the U.S.
Attorney that sentencing be postponed until Botta's cooperation
is complete.   Botta understands that the date of Botta's
sentencing is within the sole discretion of the Court and that
this Agreement may require Botta's cooperation to continue even
after Botta has been sentenced.   Botta's failure to continue to
cooperate pursuant to the terms of this Agreement after sentence
is imposed shall constitute a breach of this Agreement by Botta.

        b.    Substantial Assistance Motion

        In the event that Botta provides substantial assistance in
the investigation or prosecution of another person who has
committed a criminal offense, the U.S. Attorney agrees that, at
or before the time of sentencing, the U.S. Attorney will make a
motion under U.S.S.G. § 5K1.1 so that the sentencing court may
impose a sentence below that which otherwise would be required
under the relevant statutes.

        The determination whether Botta has provided substantial
assistance rests solely in the discretion of the U.S. Attorney
and is not subject to appeal or review.   The U.S. Attorney

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page 7


expressly reserves the right to decline to file a motion pursuant
to U.S.S.G. § 5K1.1 if Botta violates any condition of his
pretrial release, violates any of the requirements of honesty and
candor detailed in paragraph 7(a) above, or engages in any
criminal conduct after the date he signs this Agreement.

           c.   Sentence Recommendation with Substantial
                Assistance

     If Defendant provides substantial assistance, subject to all
the provisions of paragraphs 7(a) and (b) above, the U.S.
Attorney will advise the sentencing judge of the full nature,
extent and value of the assistance provided by Botta.

     The U.S. Attorney reserves the right to recommend a
particular sentence or sentencing range, or to make no
recommendation at Botta's sentencing.

           d.   Letter Immunity

     In return for Botta's full and truthful cooperation, the
U.S. Attorney agrees not to use any information provided by Botta
pursuant to this Agreement or pursuant to the proffer letter
dated October 21, 2004 (or any information directly or indirectly
derived therefrom) against Botta in any criminal case except in a
prosecution (1) for perjury or obstruction of justice, or for
making a false statement after the date of this Agreement; or (2)
for an act of physical violence against the person of another, or
conspiracy to commit any such act of violence. The U.S. Attorney
reserves the right to respond fully and completely to all
requests for information by the District Court and U.S. Probation
Office in this case. All such disclosures, however, shall be
made subject to the provisions constraining the use of this
information by the District Court and U.S. Probation Office
contained in U.S.S.G. § 1B1.8(a) and the commentary thereto.
Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the
commentary thereto, the U.S. Attorney agrees to take the position
that at the time of sentencing information provided by Botta
pursuant to this Agreement should not be used either in
determining where within the applicable guideline range to
sentence Botta or in determining whether, or to what extent, a
departure from the Sentencing Guidelines is warranted.

     If the U.S. Attorney determines that Botta has breached this
Agreement by making any false, incomplete or misleading

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page 8

statement, or by providing any false, incomplete or misleading
information to any law enforcement personnel, grand jury or
court, the U.S. Attorney may terminate this Agreement as set
forth below, and may also prosecute Botta for any and all
offenses that could be charged against him in the District of
Massachusetts, including, but not limited to, false statements
and perjury.

### 8.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their
respective calculations under the Sentencing Guidelines are not
binding upon the U.S. Probation Office or the sentencing judge.
Within the maximum sentence which Botta faces under the
applicable law, the sentence to be imposed is within the sole
discretion of the sentencing judge. Botta's plea will be
tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Botta may not
withdraw his plea of guilty regardless of what sentence is
imposed. Nor may Botta withdraw his plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties. In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

### 9.   Forfeiture

Botta will forfeit to the United States any and all assets
subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of
his guilty plea. The assets to be forfeited include, but are not
limited to, cash, stocks, bonds, certificates of deposit,
tangible and intangible personal property and real estate.

In order to assist the United States in locating and
forfeiting directly forfeitable and substitute assets, Botta
shall deliver to the U.S. Attorney within thirty days after
signing this Agreement a sworn financial statement, executed
under the pains and penalties of perjury, fully and truthfully
disclosing the existence, nature and location of all assets in
which Botta currently has any legal or beneficial interest, .and
all assets over which Botta has exercised control, or has had any
legal or beneficial interest, at any time from August 2002 to the
present. At the request of the U.S. Attorney, Botta further

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page 9

agrees to be deposed with respect to Botta's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Botta's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Botta, nor shall the forfeitures be used to offset Botta's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Botta hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Botta hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

10. Information For Presentence Report

Botta agrees to provide all information requested by the U.S. Probation Office concerning his assets.

11. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Botta may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

12. Rejection of Plea By Court

Should Botta's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Botta, this

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page  10

Agreement shall be null and void at the option of the U.S.
Attorney.

### 13.   Breach of Agreement

If the U.S. Attorney determines that Botta has failed to
comply with any provision of this Agreement, has violated any
condition of his pretrial release, or has committed any crime
following his execution of this Agreement, the U.S. Attorney may,
at his sole option, be released from his commitments under this
Agreement in their entirety by notifying Botta, through counsel
or otherwise, in writing.  The U.S. Attorney may also pursue all
remedies available to him under the law, irrespective of whether
he elects to be released from his commitments under this
Agreement.  Further, the U.S. Attorney may pursue any and all
charges which have been, or are to be, dismissed pursuant to this
Agreement.  Botta recognizes that no such breach by him of an
obligation under this Agreement shall give rise to grounds for
withdrawal of his guilty plea.  Botta understands that, should he
breach any provision of this agreement, the U.S. Attorney will
have the right to use against Botta before any grand jury, at any
trial or hearing, or for sentencing purposes, any statements
which may be made by him, and any information, materials,
documents or objects which may be provided by him to the
government subsequent to this Agreement, or pursuant to the
proffer agreement dated October 21, 2004 without any limitation.
In this regard, Botta hereby waives any defense to any charges
which he might otherwise have under any statute of limitations or
the Speedy Trial Act.

### 14.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

### 15.   Complete Agreement

This letter contains the complete agreement between the
parties relating to the disposition of this case.  No promises,
representations or agreements have been made other than those set
forth in this letter and in the proffer letter dated October 21,
2004.   This Agreement supersedes prior understandings, if any, of
the parties, whether written or oral with the sole exception of

Edward J. Lee, Esquire
RE: Enrico Botta CR No. 04-10370-RGS
page 11

those contained in the proffer letter dated October 21, 2004.
This Agreement can be modified or supplemented only in a written
memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the
U.S. Attorney and Botta, please have Botta sign the
Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney Nancy Rue.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

Laura J. Kaplan
Chief, Violent & Organized
Crime Section

Nancy Rue
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Enrico Botta
Defendant

Date: 6/9/05

I certify that Enrico Botta has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Edward J. Lee, Esq.
Attorney for Defendant

Date: 6/9/05