UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | CR. NO. 04-10370-RGS |
| | ) | |
| ENRICO BOTTA | ) | |

Sentencing Memorandum

    As the Pre-sentence report makes clear, the defendant, Enrico Botta, stepped on a slippery slope by experimenting with casual marihuana use at the time of his entry into colleg smoking a "couple of joints" of marihuana one or two times a month with friends. Prior to tha he had on occasion used Percocet or Vicoden after high school hockey games. This marihuan experimentation then shifted focus to sporadic cocaine use, i.e. spending $40.00 two or three times a month with friends.

    In his sophomore year living at college, the defendant became involved with Oxyconti at a low level usage, i.e. one twenty milligram pill a day after class or at home. By July of his junior year in 2003, he was in the grip of Oxycontin and had progressed to seven to nine 80 milligram Oxycontin pills a day. In order to finance his personal use, he became involved in t sale of Oxycontin which is the subject of the federal charges here. A co-defendant was the source of supply for the drugs.

    At the time of his arrest, the defendant was twenty three years of age and a college graduate. He comes from a loving and supportive family. His father, Rocco Botta, is a hard working co-owner of a small fifteen employee cookie manufacturing business in the defendan hometown of Everett, MA. His two sibling sisters have or are pursuing a college level education.

    The defendant's father, Rocco Botta, is very close to his son, has visited him regularly confinement, has closely monitored this case, and is prepared to support him in every way. Tl includes a willingness to afford his son an opportunity to become formally involved in the fan cookie business at a level beyond his previous school year summer work. Rocco Botta has als expressed his recognition that his son's drug involvement has violated the law, endangered his son's well being, and merits some punishment.

    What is also clear from the Pre-sentence Report is the defendant attempted to deal witl his Oxycontin addiction resulting from a prior state arrest in July, 2003 for an Oxycontin sale. After that arrest, from July/2003 through October/2004, the defendant was involved in an inpatient (Gosnold) outpatient (Ad Care) and private therapy efforts (Dr. Ronald Abramson) tc shed his addiction. The problem was the defendant did not fully realize the level of his addiction. He is now a year older. He has spent that year in local contract confinement where the lessons of in-depth drug involvement are abundantly clear from observation of his fellow inmate population. He has completed that year without available real drug treatment, and without any disciplinary problems. He is anxious to get on with his life without any further dr

involvement.  He wants to do so by completing whatever further terms of punishment may be adjudicated here and by seeking whatever drug counseling may be available to him during any future federal confinement.

The question then is what is a fair sentence allowing for rehabilitation as well as a degree of just punishment.

The initial calculation based upon the mechanics of the U.S.S.G. would place the defendant at offense level 26 based upon the amount of Oxycontin sold or negotiated.

As a part of the resolution of his case, the defendant on June 9, 2005 entered guilty pleas to the three courts of a superceding indictment.  His pleas were timely within the ambit of U.S.S.G. §3E1.1 allowing for a reduction of three offense levels to offense level 23.  It was the product of the defendant's decision, after advice of counsel, and within a week of his October 2004 arrest, to embark upon a course of conduct which also leads him to anticipate the filing of U.S.S.G. 5K1.1 Motion as a part of the government sentencing position and recommendation here.

Additionally, based upon U.S.S.G. 2D1.1(b)(6) and §5C1.2, the defendant is entitled to further two offense level safety valve reduction to offense level 21 resulting in an adjusted guideline range of 37-47 months.

As of the date of his instant sentencing the defendant will be eligible for credit for time served of one year (less one week) against any sentence imposed.  As a practical matter then, the defendant faces a further 25 months in jail based upon the low end of the 37-47 month guideline in the absence of any further action by this Court after the filing of any U.S.S.G. 5K1.1 Motion by the government.

In sum this is a young man of good background who allowed himself to slip into a problem of drug abuse, made efforts to cure himself of that problem, deluded himself into thinking he had done so without ever sufficiently separating himself from the culture and acquaintances which helped to give rise to the problem so as to guage his progress objectively and ultimately fell victim to the problem.

He is different today.  He has paid and is paying a substantial price of his initial self-indulgence.  He is aware of the dimension of that price on himself and his family.  He has a good employment opportunity to join and progress in a family business with a future ahead of him.  Based upon facts known to the government which would justify the filing of a U.S.S.G. 5K1.1 Motion, this Court, it is respectfully submitted, should substantially reduce his present 25 month sentence exposure.

                                        Respectfully submitted
                                        Enrico Botta
                                        By his counsel,

Dated: September 28, 2005

                                        _____
                                        Edward J. Lee